UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ilay Gordon, et al.,

Plaintiffs,

v.

Ostin Technology Group Co., Ltd., et al.,

Defendants.

26 Civ. 1288 (DEH)

**OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiffs bring this securities class action suit against Ostin Technology Group Co., Ltd. ("OST"), a company incorporated in the Cayman Islands with its principal place of business in the People's Republic of China, as well as nine officers and directors of OST (the "Individual Defendants"). Currently before the Court is Plaintiffs' Motion to Authorize Alternate Service Under Rule 4(f)(3), ECF No. 51. Having already served OST, Plaintiff seeks authorization to effectuate alternative service under Rule 4(f)(3) on the Individual Defendants.[1] For the reasons set forth below, Plaintiffs' motion is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**. Specifically, the motion is granted as to all Individual Defendants other than Individual Defendant Lai Kui Sen, as to whom the motion is denied without prejudice.

## BACKGROUND

Plaintiffs initiated this action on February 16, 2026. *See* Compl., ECF No. 1. The Court appointed Co-Lead Plaintiffs and Co-Lead Counsel on May 8, 2026. *See* Stip. & Order, ECF No. 34. As alleged in the operative amended complaint, Plaintiffs claim that Defendants engaged in a "social media-based pump-and-dump scheme to artificially inflate OST's stock price," before

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

profiting from a "coordinated selloff" of the stock, in violation of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated under the Act. Pls.' Mem. of L. in Supp. of Mot. at 3 ("Pls.' Mem."), ECF No. 52; *see* Am. Compl. ¶¶ 1-6, 226-42, ECF No. 50. Plaintiffs have been able to serve Defendant OST. *See* Aff. of Service, ECF No. 7. But they have so far not been able to complete service for the Individual Defendants, who Plaintiffs believe to live and work in China. *See* Pls.' Mem. at 1-2.

Plaintiffs' motion and accompanying declaration describe Plaintiffs' efforts at discovering the Individual Defendants' addresses and serving them. Plaintiffs contacted OST's counsel to ask whether it would accept service on behalf of the Individual Defendants or if it would supply Plaintiffs with the Individual Defendants' contact information, but OST's counsel declined to accept service and stated that it was not authorized to provide the contact information. Pls.' Mem. at 4; Decl. of Andrew W. Robertson ¶ 3 & Ex. A ("Robertson Decl."), ECF No. 53. Plaintiffs then hired a process server to attempt to serve the Individual Defendants through OST's registered agent in the United States, which initially accepted service but then clarified that it could not accept service on behalf of the Individual Defendants. *See* Pls.' Mem. at 4-5; Robertson Decl. ¶ 4; *see also* Order, ECF No. 48 (striking affidavits of service filed after the agent's initial acceptance of service). Following that, Plaintiffs again asked OST's counsel if it would accept service and inquired whether OST's counsel or OST could provide the Individual Defendants' contact information. OST's counsel again declined both requests. *See* Pls.' Mem. at 5; Robertson Decl. ¶ 5 & Ex. B.

Plaintiffs further attempted to locate the Individual Defendants' addresses by reviewing publicly available records including OST's SEC filings, by conducting internet searches with Google, and by running queries on artificial intelligence platforms. *See* Pls.' Mem. at 4; Robertson Decl. ¶ 6. Plaintiffs also submitted a Freedom of Information Act ("FOIA") request to the

Department of Justice, seeking contact information for the Individual Defendants and any counsel of theirs, but the request was swiftly denied because it requested records concerning third parties. *See* Pls.' Mem. at 4; Robertson Decl. ¶ 8.

Plaintiffs have now moved for alternative service under Rule 4(f)(3), seeking to serve the Individual Defendants "through OST's counsel in this action . . . and/or the Company's registered agent in the United States . . . or by such other alternative means as the Court deems appropriate under the circumstances." Pls.' Mem. at 1. OST opposes the motion. *See* Def.'s Mem. of L. in Opp'n to Mot. ("OST Opp'n"), ECF No. 55.[2]

**LEGAL STANDARD**

Rule 4(f), governing service on defendants "in a foreign country," Fed. R. Civ. P. 4(f), "operates as a counterpart to [Rule] 4(e)," which sets forth rules for domestic service. *Convergen Energy LLC v. Brooks*, No. 20 Civ. 3746, 2020 WL 4038353, at *3 (S.D.N.Y. July 17, 2020); *see Spin Master Ltd. v. Aomore-US*, No. 23 Civ. 7099, 2024 WL 3030405, at *3 (S.D.N.Y. June 17, 2024). Rule 4(f) sets out several potential methods of service including, as relevant here, service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); *see Spin Master*, 2024 WL 3030405, at *3.

Service under Rule 4(f)(3) "is neither a last resort nor extraordinary relief," but simply "one means among several which enables service of process on an international defendant." *Spin Master*, 2024 WL 3030405, at *4. "The decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Id.* Under Rule 4(f)(3), "a Court

[2] Plaintiffs do not contest OST's ability to oppose their motion for alternative service on the Individual Defendants, at least as *amicus curiae*. As OST notes, courts often consider opposing arguments from corporate defendants in these circumstances. *See* OST Opp'n at 5 n.2 (citing *Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, No. 24 Civ. 0744, 2024 WL 2317715, at *1 n.1 (S.D.N.Y. May 22, 2024)).

may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *S.E.C. v. Anticevic*, No. 05 Civ. 6991, 2009 WL361739, at *3 (S.D.N.Y. Feb. 13, 2009).

Additionally, courts often "require (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary before granting a motion for alternate service under Rule 4(f)(3)." *TushBaby, Inc. v. Jinjang Kangbersi Trade Co., Ltd.*, No. 24 Civ. 6150, 2025 WL 358409, at *2 (S.D.N.Y. Jan. 31, 2025). Courts impose these "judicially-created requirements . . . 'in order to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts.'" *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 378 (S.D.N.Y. 2018) (quoting *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012).

## DISCUSSION

### I. The Proposed Means of Service Are Not Prohibited by International Agreement

The relevant international agreement here is the Hague Convention, which applies to service on individuals in China. *See, e.g.*, *Smart Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382, 1389 (S.D.N.Y. 2022). Plaintiffs' proposed means of service therefore must not be prohibited by the Hague Convention in order to be permissible under Rule 4(f)(3). Notably, however, by its own terms the Hague Convention "does not apply 'where the address of the person to be served with the document is not known.'" *Advanced Access Content Sys. Licensing Adm'r., LLC v. Shen*, No. 14 Civ. 1112, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018) (quoting Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. I). For defendants' addresses to qualify as "not known" for these purposes, Plaintiffs must show that they "exercised reasonable diligence in attempting to discover" them. *Id.* Although this is a

relatively close case, the Court agrees with Plaintiffs that they have made sufficient efforts such that the Individual Defendants' addresses can be deemed unknown. As a result, the Hague Convention does not apply and Plaintiffs' proposed service methods are not prohibited by it.

"What constitutes 'reasonable diligence' in this context is a fact-specific inquiry." *Spin Master*, 2024 WL 3030405, at *5; *see also, e.g.*, *Foxmind Can. Enters. Ltd. v. APROAT*, No. 25 Civ. 5837, 2026 WL 412645, at *3 (S.D.N.Y. Feb. 13, 2026) ("Courts in this district have generally assessed diligence on a case-by-case basis, finding reasonable diligence . . . based on a variety of factors."). "No specific set of steps" to investigate defendants' addresses is required. *Foxmind*, 2026 WL 412645, at *3. Courts have emphasized, however, that "multiple modes of attempted contact typically are required." *Kumar v. Alhunaif*, No. 23 Civ. 321, 2023 WL 8527671, at *3 (S.D.N.Y. Dec. 8, 2023); *see also, e.g.*, *Spin Master*, 2024 WL 3030405, at *5 (same). Ultimately, reasonable diligence does not mean exhausting every possible method of discovering an address, but generally requires "that plaintiff has utilized the tools at its disposal in an attempt to find a current physical address." *Ningbo Langyan Agel E-commerce Ltd. v. Corps., Ltd. Liab. Cos., P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 25 Civ. 0058, 2025 WL 2084243, at *2 (S.D.N.Y. July 24, 2025). Here, the Court concludes that the combination of efforts made by Plaintiffs suffices to show reasonable diligence in these circumstances.

The Court acknowledges that, as OST argues, each individual method of discovering the addresses that Plaintiffs attempted would likely be insufficient on its own. OST points out that Plaintiffs' FOIA request was unlikely to be of any use, given that Plaintiffs were seeking the personal information of third parties. *See* OST Opp'n at 7. And in some circumstances, courts have also found that internet searches alone were not enough to demonstrate reasonable diligence. *See Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17 Civ. 6130, 2018 WL 11222556, at *2 (S.D.N.Y. Apr. 6, 2018) (finding searches of "public databases and general Internet searches over

the course of two days" insufficient); *Cawthon v. Yaoyage*, No. 22 Civ. 7279, 2024 WL 622219, at *1 (S.D.N.Y. Feb. 14, 2024) (finding online "address verification tools" akin to "basic internet searches" and insufficient); *Moonbug Ent. Ltd. v. www.blippimerch.com*, No. 23 Civ. 1384, 2023 WL 2730107, at *3 (S.D.N.Y. Mar. 28, 2023) (finding "Internet and Google searches" alone insufficient).

However, courts have approved of efforts like those undertaken by Plaintiffs when in combination with other efforts. *See, e.g.*, *Zieske v. 53Wuyongquan*, No. 25 Civ. 8391, 2026 WL 579401, at *2 (S.D.N.Y. Mar. 2, 2026) (finding reasonable diligence based on efforts including online searches); *Orient Plus*, 2024 WL 2317715, at *3 (finding reasonable diligence where plaintiffs requested individual defendants' information from company's counsel and "searched publicly available records"); *Kelly Toys Holdings, LLC v. Top Dep't Store*, 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022) (finding reasonable diligence where plaintiffs' efforts included online searches and reaching out to counsel for company that did business with defendant); *Shen*, 2018 WL 4757939, at *4 (finding reasonable diligence where plaintiffs, among other things, "researched . . . websites . . . , completed multiple Internet-based searches, called *known* phone numbers, and conducted in-person visits *where reasonable*") (emphases added). Here, while Plaintiffs' internet searches or other efforts alone may not have constituted reasonable diligence, the Court concludes that the combination of Plaintiffs' multiple efforts—including various online and AI-assisted searches, requests to OST and OST's counsel, and review of publicly available records—does.

Moreover, several cases relied on by OST are inapposite, because they involved defendants with an online storefront and listed address, such that the plaintiffs in these cases had a putative address to investigate. *See Spin Master*, 2024 WL 3030405, at *1-2, *5-6; *Smart Study*, 620 F. Supp. 3d at 1385, 1391. That is not the case here, where Plaintiffs do not have any addresses or obvious online footprints for the Individual Defendants. *See Orient Plus*, 2024 WL 2317715, at

*4 (explaining that many investigative steps for the addresses of online businesses "are inapplicable" to individual defendants). Thus, this case is unlike those where plaintiffs have failed to follow up on a clear investigative lead, such as a potential address that could be used to initiate further investigative steps like test mailings. *Cf. TushBaby*, 2025 WL 358409, at *1 (finding lack of reasonable diligence when plaintiff simply assumed listed address was invalid); *Spin Master*, 2024 WL 3030405, at *5-6 (holding that plaintiffs could not merely rely on consultant's unexplained opinion that listed address "appeared inaccurate"); *Cawthon*, 2024 WL 622219, at *3 ("Plaintiff has a starting place for further investigation, and a diligent effort . . . would require him to pursue that lead.").

To be sure, Plaintiffs could have done more to investigate the Individual Defendants' addresses and should have supplied the Court with more detail about their "extensive" online searches, Robertson Decl. ¶ 7, including the degree to which they utilized Chinese or Chinese-language platforms. For those reasons, the Court views this case as a relatively close call. But the Court ultimately concludes, based on the totality of circumstances, that the combination of Plaintiffs' efforts amounted to reasonable diligence. Because the Individual Defendants' addresses are unknown despite Plaintiffs' efforts, the Hague Convention does not apply and Plaintiffs' proposed method of service is not prohibited by international agreement under Rule 4(f)(3).

## II. The Proposed Means of Service Comport with Due Process for Current OST Directors and Officers

The Court next considers whether Plaintiffs' proposed method of service satisfies the constitutional requirements of due process. *See, e.g.*, *Kumar*, 2023 WL 8527671, at *3 (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950)). Due process requires that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Luessenhop*

*v. Clinton Cnty.*, 466 F.3d 259, 269 (2d Cir. 2006)). Plaintiffs propose to serve the Individual Defendants through OST's counsel and OST's registered agent in the United States, and argue that courts have found such methods consistent with due process in similar cases. *See* Pls.' Mem. 1, 7-9. In response, OST makes no argument for why these methods would violate due process. The Court agrees with Plaintiffs that their proposed means of service comport with due process, except (as explained below) as to one defendant who is no longer at OST.

As alleged by Plaintiffs, eight of the nine Individual Defendants are current officers and directors of OST, of whom five also hold senior positions with OST's primary operating subsidiary. *See* Am. Compl. ¶¶ 14-22. And indeed, "[c]ourts have sensibly held that service on a high-level employee's corporate employer, or counsel for that employer, . . . comports with due process." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013). For example, in *In re GLG Life Tech Corp. Securities Litigation*, the court reasoned that service on a corporation's counsel was "virtually guaranteed to provide notice" to the corporation's chairman and CEO, because it was "impossible to imagine that a corporation's attorney would not advise the corporation's Chairman and Chief Executive Officer of the fact that service destined for that officer had been made upon its attorney." 287 F.R.D. at 267. The court similarly reasoned that service upon the corporation itself would also be likely to provide notice to the same individual, as "obviously a corporation will inform its own Chairman and Chief Executive Officer of a lawsuit pending against him." *Id.* Other courts have reached similar conclusions, allowing service on a corporation or corporate counsel in order to reach officers and directors of the corporation (or even of its subsidiary). *See Orient Plus*, 2024 WL 2317715, at *4-5; *Stream SICAV*, 989 F. Supp. 2d at 279-80; *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 566 (C.D. Cal. 2012); *In re LDK Solar Sec. Litig.*, No. 07 Civ. 5182, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008). The Court

likewise concludes that serving the eight Individual Defendants who are OST officers and directors through OST's counsel and domestic agent satisfies due process.

On the other hand, Plaintiffs allege that one of the Individual Defendants—Lai Kui Sen—is a *former* OST co-CEO and director, who was removed from those positions on October 21, 2025. *See* Am. Compl. ¶ 15. The reasoning that justifies service through an executive's corporation does not apply in the same way to Defendant Sen. While the Court may be confident that a corporation and corporate counsel are sure to inform the corporation's officers and directors of a pending lawsuit, there is no guarantee that those entities will inform an individual who is no longer with the corporation (and has not been for over a year). *See In re China Educ. All., Inc. Sec. Litig.*, No. 10 Civ. 9239, 2011 WL 3715969, at *3 (C.D. Cal. Aug. 22, 2011) (concluding that serving individual defendants through their former company "presents a potential due process problem"); *Feyko v. Yuhe Intern., Inc.*, No. 11 Civ. 5511, 2013 WL 5142362, at *3 (C.D. Cal. Sept. 12, 2013) (following *China Education Alliance* and denying alternative service in similar circumstances). At this time, Plaintiffs have not offered any explanation as to why OST or its litigation counsel can be reasonably expected to relay notice of this litigation to Sen, and so the Court cannot conclude that the proposed method of service will comply with due process as to that individual. The Court will therefore deny Plaintiffs' motion as to Sen without prejudice to Plaintiffs proposing different means of service or demonstrating that the currently proposed means are reasonably calculated to apprise Sen of the pendency of this action.

**III. Alternative Service Is Appropriate**

Finally, the Court concludes that alternative service under Rule 4(f)(3) is appropriate in these circumstances. "[T]here is no hierarchy among the subsections in Rule 4(f)," and Plaintiffs are "*not* required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." *Ultra Int'l Music Publ'g, LLC v. Sony Music Ent.*, 2025

WL 670842, at *2 (S.D.N.Y. Mar. 3, 2025). Here, Plaintiffs have met the threshold requirements—"reasonably attempt[ing] to effectuate service" and showing "that the circumstances are such that the court's intervention is necessary"—so that the Court is persuaded they are not "whimsically seek[ing] an alternate means of service." *Id.*; *see GLG*, 287 F.R.D. at 266.

As the Court has already concluded, Plaintiffs have exercised reasonable diligence in seeking the Individual Defendants' addresses, in order to be able to attempt service under the Hague Convention. OST argues that Plaintiffs should first have to attempt service under the Hague Convention, and that Plaintiffs exaggerate the delay and difficulty of doing so in China. *See* OST Opp'n at 11-13. But whatever force OST's arguments might have in situations where the Hague Convention applies, those arguments are misplaced here. *Cf. TushBaby, Inc.*, 2025 WL 358409, at *2 (requiring plaintiff to attempt Hague service before Rule 4(f)(3) service, unless plaintiff "can establish that the Hague Convention does not apply"). In this case, where the Hague Convention does not apply because Defendants' addresses are unknown, it makes little sense to require Plaintiffs to attempt Hague service. *See Elsevier, Inc.*, 287 F. Supp. 3d at 379 (finding it "inappropriate" to require Hague service before alternative service, where defendants' addresses were unknown). Service under Rule 4(f)(3) is "neither a last resort nor extraordinary relief." *Spin Master*, 2024 WL 3030405, at *4. The Court sees no reason why it should not exercise its discretion to allow alternative service in these circumstances.

## CONCLUSION

For the reasons discussed above, Plaintiffs' Motion to Authorize Alternate Service is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART.** Plaintiffs' motion is denied as to Defendant Sen, without prejudice to Plaintiffs proposing different means of alternative service or demonstrating why the currently proposed means comport with due process.

Apart from Defendant Sen, Plaintiffs may serve the remaining eight Individual Defendants through service on both OST's litigation counsel, Quinn Emanuel Urquhart & Sullivan, LLP, and OST's domestic registered agent, Cogency Global Inc. Plaintiffs are directed to file proof of service on the docket when service consistent with this Opinion and Order has been effectuated.

The Clerk of Court is respectfully requested to terminate ECF No. 51.

SO ORDERED.

Dated: November 4, 2026
New York, New York

DALE E. HO
United States District Judge